

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DONALD DELONEY, | Case No. 3:16-cv-000732-MMD-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | ECF No. 10 |
| RICHARD SNYDER, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Injunctive Relief, Preliminary Injunction or Permanent Injunction against Richard Snyder, Chaplain. (ECF No. 10.) Defendant Richard Snyder filed a response. (ECF No. 18.) Plaintiff did not file a reply brief.

After a thorough review, it is recommended that Plaintiff's motion be denied as moot.

### I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 15.) The events giving rise to this action took place while Plaintiff was housed at Warm Springs Correctional Center (WSCC). (*Id.*) Defendant is WSCC Chaplain Richard Snyder.

In his complaint, Plaintiff alleges that from January 1, 2016 to March 3, 2016, he was the appointed inmate facilitator for Muslim inmate services at WSCC. (ECF No. 15 at 3.) He avers that Snyder created an unwritten policy requiring Plaintiff to submit a handwritten copy of each word he planned to say during Muslim services one week prior to the scheduled services, and if he failed to do so, he would not be permitted to speak at the services at all. (*Id.* at 3-4.) Snyder

allegedly told Plaintiff that if he deviated at all from the written statement, he would be removed from his facilitator position and written up for disciplinary charges. (*Id.* at 4.) On two occasions, Plaintiff did not provide a written statement to Snyder a week in advance, and Snyder refused to permit Plaintiff to speak as facilitator. (*Id.*) He claims that he filed a grievance, and Snyder became enraged and relieved Plaintiff of his facilitator position. (*Id.* at 5.)

Based on these allegations, the court allowed Plaintiff to proceed with claims under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), as well as a retaliation claim. (Screening Order, ECF No. 14.)

Plaintiff also alleges that Snyder intentionally prohibited Muslim inmates from religiously communicating during their service while Christian inmates are permitted to do so. (*Id.* at 7-9.) The court allowed Plaintiff to proceed with an equal protection claim based on these allegations. (ECF No. 14.)

Finally, Plaintiff alleges that between October 3, 2015 and May 20, 2016, he was the inmate facilitator for Muslim services, and he asked Snyder to reschedule the Jumah Friday Muslim prayer services from 12:00 to 1:00 p.m. to 12:30 p.m. to 1:30 p.m., to more correctly reflect the appropriate time Muslims are supposed to pray in accordance with Islamic law and tradition. (ECF No. 15 at 11-12.) Snyder refused. (*Id.*) Based on these allegations, Plaintiff was permitted to proceed with additional claims under the First Amendment and RLUIPA. (ECF No. 14.)

In his motion for injunctive relief, Plaintiff claims that Snyder suspended Islamic services at WSCC until he could find an outside Imam to preside over the service. (ECF No. 10 at 2.) Plaintiff claims that NDOC has never required an outside Imam in the past, and it is not required by his faith. (*Id.* at 2-4.) He asks for Snyder to be removed from his duties until this case is heard. (*Id.* at 4.)

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure provide that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the

positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

The Prison Litigation Reform Act (PLRA) mandates that prisoner litigants satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. See Gilmore v. People of the State of California, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

### III. DISCUSSION

While Snyder claims that he did not entirely cancel Muslim services at WSCC, Plaintiff has a strong argument that he has a likelihood of success on the merits of his First Amendment and RLUIPA claims. He presents a memorandum from Snyder to all Islamic inmates stating that Muslim services were suspended until a volunteer could be found to lead them, which contradicts Snyder's current position. (ECF No. 10 at 9.) Nevertheless, the court finds that

Plaintiff's motion should be denied as moot. In his response to Plaintiff's motion, defendant Snyder states in his declaration that Plaintiff was transferred to Northern Nevada Correctional Center in July of 2017. (ECF No. 18-1 at 2 ¶ 4.) Claims for injunctive relief related to a prison's policies are moot where a prisoner has been transferred to another facility and shows no reasonable expectation of return. *Johnson v. Moore*, 948 F.2d 517, 522 (9th Cir. 1991) (per curiam). Plaintiff did not file a reply brief indicating there was any reasonable expectation he would be sent back to WSCC and subject to the alleged ban on Muslim services. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (exception to mootness that case is capable of repetition yet evading review limited to circumstances where there is a reasonable expectation that the same complaining party would be subject to the same action again).

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING AS MOOT** Plaintiff's motion for injunctive relief (ECF No. 10).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: October 10, 2017.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE