UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DONALD DELONEY,<br><br>                               Plaintiff,<br>     v.<br>RICHARD SNYDER, *et al.*,<br><br>                              Defendants. | Case No. 3:16-cv-00732-MMD-WGC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.   SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 19) ("R&R") relating to Plaintiff's motion for preliminary injunction (ECF No. 10). The Court has reviewed Plaintiff's objection (ECF No. 20) and Defendant's response (ECF No. 23).

**II.   BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at the Northern Nevada Correctional Center. The events giving rise to this action occurred while Plaintiff was incarcerated at Warm Springs Correctional Center ("WSCC"). In the motion for preliminary injunction, Plaintiff alleges that, on May 2, 2017, Snyder suspended all Muslim services in the chapel until he could find an outside volunteer to lead the Muslim services. (ECF No. 10 at 2, 9.) According to Plaintiff, there has never been a need in the NDOC to have an outside imam conduct Jumah services. (*Id.* at 2.) Plaintiff states that the pagan inmates are not required to have an outside sponsor come in to conduct their services. (*Id.* at 6.)

1    The Magistrate Judge recommends that the motion for preliminary injunction
2    (ECF No. 10) be denied as moot. (ECF No. 19 at 4). In the R&R, the Magistrate Judge
3    found:

> Plaintiff's motion should be denied as moot. In his response to Plaintiff's motion, defendant Snyder states in his declaration that Plaintiff was transferred to [NNCC] in July of 2017. (ECF No. 18-1 at 2 ¶ 4.) Claims for injunctive relief related to a prison's policies are moot where a prisoner has been transferred to another facility and shows no reasonable expectation of return. *Johnson v. Moore*, 948 F.2d 517, 522 (9th Cir. 1991) (per curiam). Plaintiff did not file a reply brief indicating there was any reasonable expectation he would be sent back to WSCC and subject to the alleged ban on Muslim services. *See Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (exception to mootness that case is capable of repetition yet evading review limited to circumstances where there is a reasonable expectation that the same complaining party would be subject to the same action again).

(*Id.*)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiff's objections, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's recommendations.

## IV. DISCUSSION

The Court agrees with the Magistrate Judge's recommendation to deny Plaintiff's motion for preliminary injunction (ECF No. 10) as moot. Plaintiff's 22-page objection focuses on the merits of his constitutional claims but does not address the mootness issue related to his motion for preliminary injunction. (*See generally* ECF No. 20). Plaintiff does not deny his prison transfer but argues that the transfer happened after the harm occurred at WSCC. (*Id.* at 3).

The Court accepts and adopts the R&R in full. Plaintiff has not argued that he has a reasonable expectation of returning to WSCC and will again be subjected to the

alleged ban on Muslim services. As such, the Court denies the motion for preliminary injunction (ECF No. 10) as moot.

**V. CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 19) is accepted and adopted in full.

It is further ordered that the motion for preliminary injunction (ECF No. 10) is denied as moot.

DATED THIS 29th day of December 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE